1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                       FOR THE DISTRICT OF ARIZONA

6

7

8  Jose and Adelina Casillas,        )    CV-07-395-TUC-DCB
                                     )
9           Plaintiffs,              )    **ORDER**
                                     )
10 vs.                               )
                                     )
11                                   )
   United States of America,         )
12                                   )
            Defendant.               )
13                                   )
   _____  )
14

15        Pending before this Court is the Report and Recommendation of

16 Magistrate Judge Estrada, Plaintiffs' Objections and Defendant's Response

17 to Objections. After conducting a de novo review of the record, this

18 Court will: adopt the Report and Recommendation (RR), grant Defendant's

19 Motion to Dismiss for Lack of Subject Matter Jurisdiction, deny

20 Defendant's Motion for Summary Judgment, deny Plaintiffs' Motion to

21 Strike Defendant's Pleadings, and dismiss this action.

22        The Court will adopt in its entirety the Magistrate Judge's

23 thoroughly documented recitation of the facts and historical background

24 of this action.

25                                **OBJECTIONS**

26 **A.   MAGISTRATE ERRED BY NOT STRIKING DEFENDANT'S RULE 56 FACTS**

27        This argument is moot because the Magistrate Judge recommended that

28 the Court grant the Motion to Dismiss before addressing the Motion for

1  Summary Judgment.  This case will be dismissed pursuant to Fed.R.Civ.P.
2  12(b)(1), not Rule 56.

3  **B.    MAGISTRATE ERRED IN FINDING THE Rule 56 MOTION MOOT**

4      The Motion for Summary Judgment was rendered moot when the
5  Magistrate Judge determined to recommend granting the Motion to Dismiss.
6  When a motion to dismiss is based on more than one ground, the court
7  should consider the Rule 12(b)(1) challenge first because the other
8  grounds will become moot if the court lacks subject matter jurisdiction.
9  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*,
10 §1350 (2004 ed.)

11 **C.    MAGISTRATE ERRED IN FINDING NO PRIVATE STATE ANALOGUE**

12     The  Magistrate  Judge  recommended  that  the  Court  grant  the
13 Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), finding
14 no private state analogue for governmental law enforcement actions.

15     The FTCA provides for governmental liability for negligent or
16 wrongful acts or omissions of a federal employee acting within the scope
17 of his or her employment "if a private person would be liable to the
18 claimant in accordance with the law of the place where the act or
19 omission occurred."  28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2674 ("The
20 United States shall be liable...relating to tort claims, in the same
21 manner and to the same extent as a private individual under like
22 circumstances,...").  The Supreme Court has noted that "[t]he broad and
23 just purpose which the statute was designed to effect was to compensate
24 the victims of negligence in the conduct of governmental activities in
25 circumstances like unto those in which a private person would be liable
26 and not leave just treatment to the caprice and legislative burden of
27 individual private laws."  *Indian Towing Co. v. United States,* 350 U.S.

28

1  61, 68 (1955); *see also Rayonier Inc., v. United States,* 352 U.S. 315

2  319-320 (1957)("Congress, in adopting the FTCA, sought to prevent the

3  unfairness of allowing 'the public as a whole' to benefit 'from the

4  services performed by Government employees,' while allocating 'the entire

5  burden' of government employee negligence to the individual, 'leav[ing]

6  him destitute or grievously harmed.'").

7       The Magistrate Judge found that Plaintiffs conceded that there was

8  no private party analog to seeking a search warrant by a member of law

9  enforcement. The Magistrate Judge went on to find that "[o]ther courts

10 that have addressed this issue have held that the act of applying for a

11 search warrant has no analogous counterpart for private citizens and,

12 thus, there is no liability under the FTCA for such action. *See*

13 *Washington v. Drug Enforcement Admin.,* 183 F.3d 868, 873 (8th Cir. 1999);

14 *Wright,* 963 F.Supp. at 16-17 ('the discrete act of applying for such a

15 warrant is not reviewable under the FTCA.')" (RR at 16.)

16      This objection is meritless.

17 **D.   MAGISTRATE ERRED IN FINDING A DISCRETIONARY FUNCTION EXEMPTION**

18      The Magistrate Judge also recommended granting the Defendant's

19 Motion to Dismiss, finding that the discretionary function exemption

20 barred suit again the government in this instance.

21      The FTCA waives sovereign immunity for specified tort actions

22 arising out of the conduct of federal employees. 28 U.S.C. § 2674; *Fang*

23 *v. United States,* 140 F.3d 1238, 1241 (9th Cir.  1998).  That waiver,

24 however, is limited. *Id.* Liability cannot be imposed if the tort claims

25 stem from a federal employee's exercise of a "discretionary function."

26 28 U.S.C. § 2680(a).  The question whether the discretionary-function

27 exception bars a particular claim is resolved by applying a two-prong

28

1  test.   *Id.*   For the first prong, it must be decided whether the

2  challenged conduct is discretionary, that is, whether it "involv [es] an

3  element of judgment or choice." *Fang,* 140 F.3d at 1241 (citing *Berkovitz*

4  *v. United States,* 486 U.S. 531, 536 (1988)(inspection of polio

5  vaccines)).  "This element is not met 'when a federal statute, regulation

6  or policy specifically prescribes a course of action for an employee to

7  follow.' " *Id.* (quoting *Berkovitz,* 486 U.S. at 536).   If the act is not

8  discretionary, the government is not immune.  *Id.*

9       The second prong, if the challenged conduct is discretionary, it

10  "must be   determined whether that judgment is of the kind that the

11  discretionary function exception was designed to shield." *Berkovitz,* 486

12  U.S. at 536.   "Only those exercises of judgment which involve

13  considerations of social, economic, and political policy are excepted

14  from the FTCA by the discretionary function doctrine." *Sigman v. United*

15  *States,* 217 F.3d 785, 793 (9th Cir.  2000).  "The primary focus of the

16  second prong of the test is on 'the nature of the actions taken and on

17  whether they are susceptible to policy analysis.' " *Fang,* 140 F.3d at

18  1241 (quoting *United States v. Gaubert,* 499 U.S. 315, 325(1991)(federal

19  savings and loan regulators)).   "When a statute, regulation or agency

20  guideline allows a government agent to exercise discretion, it must be

21  presumed that the agent's acts are grounded in policy when exercising

22  that discretion."   *Weissich v. United States,* 4 F.3d 810, 814 (9th

23  Cir.1993) (citing *Gaubert,* 499 U.S. at 324), *cert.  denied*, 512 U.S. 1219

24  (1994).

25       The discretionary function exception applies even if the conduct is

26  negligent or constitutes an abuse of discretion.   *Dalehite v.  United*

27  *States*, 346 U.S. 15, 33 (1953).   When the discretionary function

28

1   exception is applicable, it must be applied, even if, through

2   application, it becomes a shield for carelessness and poor judgment.

3   *National Union Fire v.  United States*, 115 F.3d 1415, 1422 (9th Cir.

4   1997), *cert.denied*, 522 U.S. 1116 (1998).

5       Here the Magistrate Judge found:

6           Based upon the information Agent Kelley had at the
            time, she made the determination to seek a search
7           warrant for the Casillas residence.  This decision
            "involves a judgement and a choice grounded in policy
8           considerations regarding the enforcement of the
            criminal laws toward protecting the public safety."
9           *Doherty,* 905 F.Supp. at 56.  Under the instant
            circumstances,  the discretionary function exception
10          applies to Plaintiffs' claims of negligent surveillance
            and investigation. Moreover, given the exigency of the
11          situation, Agent Kelley's actions  in obtaining the
            search warrant involving the overlooked errors in the
12          SW affidavit necessarily fall within the discretionary
            function exception as well. *See Gray v. Bell,* 712 F.2d
13          490, 516 (D.C. Cir. 1983) ("We will not permit a suit
            for damages occasioned by activities that are not
14          meaningfully separable from a protected discretionary
            function."); *see also  Gasho*, 39 F.3d at 1345 ("That
15          the conduct of the agents may be tortious or motivated
            by something other than law enforcement is beside the
16          point, as governmental immunity is preserved 'whether
            or not the discretion involved be abused.'")(*citing* 28
17          U.S.C. §2680(a)).

18  (RR at 20-21.)

19      Plaintiffs object to this finding because they contend that Agent

20  Kelley acted in excess of her authority.[1]  Defendant responds:

21      Agent Kelly was clearly working with tribal officers in
        connection with a crime that occurred on the reservation and
22      that had moved off the reservation when the suspect fled to
        Tucson. There is no question that Agent Kelly had authority to
23      investigate federal crimes on or off the reservation. She also
        was clearly within her authority to obtain a federal search
24      warrant for a reservation crime within her investigative
        jurisdiction and to execute it on or off the reservation in
25      accordance with the command in the warrant. There is no

26

27      [1]Plaintiffs cite to *Olson v. United States*, 362 F.3d 1246 (2004),
    a case that has been vacated and remanded. *Id.* at 546 U.S. 43 (2005).

28

testimony in the record that she "dispatched" the tribal officers to assist her, or that they were otherwise without authority as federal law enforcement officers to assist in the execution of the warrant. To the extent that Plaintiffs seek to allege that the tribal officers were not so authorized, then their conduct clearly falls within the assault, false imprisonment, and false arrest exception of the FTCA, and there can be no liability for their actions. The record is quite clear that when the tribal officers learned from Agent Kelly's phone call that the warrant had been issued, they proceeded to execute the warrant and had completed the search by the time she arrived at the Plaintiffs' residence.

(Response at 3-4.)

The Federal Tort Claims Act expressly excludes from its application any claim based on an act or omission of a government employee, exercising due care in the execution of a statute or regulation, whether valid or not, or based on the exercise or performance, or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or government employee, whether or not the discretion is abused. *United States v. Varig Airlines*, 467 U.S. 797, 813 (1984); *Berkovitz*, 486 U.S. at 536; *Gaubert*, 499 U.S. at 322-23; *Alfrey v. United States*, 276 F.3d 557, 561 (9th Cir. 2002); 14 *Fed. Prac. & Proc Juris. 3d* §3658.1 (2006); 35A *Am. Jur.2d* FTCA §34 (2007).

Based on a review of the record, there is no evidence to support the claim that Agent Kelley was acting in excess of her authority. This objection is overruled.

## CONCLUSION

To dismiss claims or the action as a whole, this Court must resolve that it lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). When a Defendant challenges subject matter jurisdiction, the Plaintiff bears the burden of establishing jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Tosco Corp. v. Communities for a Better*

1    *Env't*, 236 F.3d 495, 499 (9th Cir.  2001).  The Plaintiff must carry this

2    burden by a preponderance of the evidence. *APWU v. Potter*, 343 F.3d 619,

3    623 (2nd Cir.  2003).   In the case of factual or substantive subject

4    matter jurisdiction attacks, the court will not presume that Plaintiff's

5    factual allegations are true and will not accept conclusory allegations

6    as true, but may instead weigh the evidence before it and find the facts,

7    so long as this factfinding does not involve the merits of the dispute.

8    *White v.  Lee*, 227 F.3d 1214, 1242 (9th Cir.  2000); *Zappia Middle East*

9    *Const.  Co.  v.  Emirate Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.  2000);

10   *Nesbit v.  Gears Unl.*, 347 F.3d 72, 77 (3d Cir. 2003), *cert.  denied*, 541

11   U.S. 959 (2004). The Court may receive and consider extrinsic evidence

12   and in doing so, is allowed broad discretion.  *Warren v.  Fox Family*

13   *Worldwide*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003).

14        The Court adopts the Magistrate Judge's findings that there is no

15   private party analog to seeking or applying for a search warrant and the

16   Government is immune under the FTCA's discretionary function exception

17   from Plaintiffs' claims of negligence in investigation, surveillance, and

18   application for the search warrant.  The discretionary function exception

19   also bars Plaintiffs' claims of intentional torts occurring during

20   execution of the search warrant.  Because all of Plaintiffs' claims are

21   barred, the Court lacks federal subject matter jurisdiction.

22        Accordingly, after conducting a de novo review of the record,

23        **IT IS ORDERED** that the Report and Recommendation of Magistrate Judge

24   Estrada is **ADOPTED** in its entirety.

25        **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's

26   Pleadings  in  Support  of  Summary  Judgment  and  Motion  to  Dismiss  for

27   Failure to State a Claim (Doc. No. 32) are **DENIED.**

28

- 7 -

1      **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack

2   of Subject Matter Jurisdiction (Doc. No. 31) is **GRANTED** and Defendant's

3   Motion for Summary Judgment (Doc. No. 31 ) is **DENIED** as moot.

4      **IT IS FURTHER ORDERED** that this action is **DISMISSED** and closed.   The

5   Clerk of this Court shall enter final judgment accordingly.

6          DATED this 18th day of March, 2009.

7

8

9

10                                        David C. Bury
                                    United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28